IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Leonard V. BRADY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Leonard V. BRADY, Respondent.

Supreme Court

*No. 2010AP726–D. Decided July 27, 2010.*

2010 WI 98

(Also reported in 786 N.W.2d 485.)

¶ 1. PER CURIAM. Attorney Leonard V. Brady has filed a petition for consensual license revocation pursu-

ant to SCR 22.19[1] stating that he cannot successfully defend against multiple allegations of misconduct currently under investigation by the Office of Lawyer Regulation (OLR), as well as additional counts of misconduct alleged in two pending OLR intake matters which have not yet been referred within the OLR for formal investigation. The OLR asks that Attorney Brady be ordered to make restitution in three client matters. The OLR is not requesting that costs be assessed against Attorney Brady.

¶ 2. Attorney Brady was admitted to practice law in Wisconsin in 1953 and practices in Milwaukee.

---

[1] SCR 22.19 provides: Petition for consensual license revocation.

(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

¶ 3. Both of the pending formal grievance investigations involve probate matters. In January 2003 Attorney Brady was named guardian of the Estate for Catherine P. Catherine P.'s estate consisted of considerable assets. During the time he served as guardian for the estate, Attorney Brady failed to file income tax returns for the estate, failed to timely file annual accountings with the court, failed to maintain detailed records of investments, failed to adequately track the assets of the estate, and paid himself and others from the estate without court approval. Available records suggest that Attorney Brady paid himself excessive fees and converted a substantial amount of estate funds for his personal use, including sending a significant amount of the estate's funds overseas.

¶ 4. Catherine P. died on December 27, 2007. After her death, despite repeated court orders that he do so, Attorney Brady failed to turn over funds belonging to Catherine P.'s estate, including but not limited to funds that had been sent overseas. He also failed to turn over certain records relating to his management and control of the estate.

¶ 5. An accountant hired by Catherine P.'s heirs to conduct a forensic examination of the estate concluded that it was "only reasonable to conclude" that there had been "a likelihood of commingling, embezzlement and fraud in the reporting of assets; an intent to deprive the estate of funds by Attorney Brady; [and] numerous overcharges for services rendered" by Attorney Brady. The Milwaukee County circuit court ordered judgment against Attorney Brady and in favor of Ohio Casualty Insurance Company in the amount of $1,015,813.21.

¶ 6. Misconduct allegations against Attorney Brady being investigated by the OLR arising out of Catherine P.'s estate include violations of SCRs 20:1.5(a),

20:1.15(b)(1), 20:1.15(d)(1), 20:1.15(d)(2), 20:3.4(c), 20:8.4(b), 20:8.4(c), and 20:8.4(f).

¶ 7. The other formal grievance investigation currently pending with the OLR involves Attorney Brady's service as personal representative for the Estate of Ronald M. In his capacity as personal representative, Attorney Brady received approximately $195,000 in life insurance proceeds. He failed to turn over to the successor personal representative approximately $188,000 of those proceeds, despite being ordered to do so by the court. Attorney Brady also failed to provide an accounting of the approximately $188,000 he should have been holding on behalf of the estate. In May 2010 the Milwaukee County circuit court approved a stipulation for judgment that provided Universal Surety Company have judgment against Attorney Brady in the amount of $87,681.19.

¶ 8. Misconduct allegations against Attorney Brady being investigated by the OLR arising out of Ronald M.'s estate include violations of SCRs 20:1.15(b)(1), 20:1.15(d)(1), 20:3.4(c), 20:8.4(b), and 20:8.4(c).

¶ 9. The OLR's recommendation in support of Attorney Brady's petition for revocation by consent asked that Attorney Brady be required to make restitution to E.P. in the amount of $1,500. The E.P. matter is one of the two client matters that is at the intake stage and is not under formal investigation.

¶ 10. Attorney Brady submits under SCR 22.19(2) that he cannot successfully defend against the allegations of the grievances currently under investigation. He states that he is freely, voluntarily, and knowingly filing the petition for consensual license revocation; he states he knows he may retain counsel and, in fact, he has been represented by counsel in this matter. He also

705

■

states he is aware that if this court grants his petition and revokes his license to practice law in Wisconsin, SCRs 22.26 through 22.33 apply.

¶ 11. After the petition for consensual license revocation was filed, the court issued an order to show cause asking the parties to more fully address the issue of restitution. Upon reviewing the parties' responses, the court deems it appropriate to order Attorney Brady to make restitution in three client matters.

¶ 12. IT IS ORDERED that the license of Leonard V. Brady to practice law in Wisconsin is revoked, effective the date of this order.

¶ 13. IT IS FURTHER ORDERED that Leonard V. Brady make restitution to Ohio Casualty Insurance Company in the amount of $1,015,813.21; to Universal Surety Company in the amount of $87,681.19; and to E.P. in the amount of $1,500.

¶ 14. IT IS FURTHER ORDERED that Leonard V. Brady shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law has been revoked, to the extent he has not already done so.